UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | |
| ) | Bankruptcy Case |
| LARRY MICHAEL SALYERS, ) | No. 13-60140-tmr7 |
| ) | |
| Debtor. ) | MEMORANDUM OPINION[1] |

Debtor Larry Michael Salyers has filed a Motion for Order to Waive Requirement to Provide Tax Returns Pursuant to 11 U.S.C. § 521.[2] Debtor's motion alleges that he "has not been required to file income tax returns within the past ten years" and, thus, has no access to tax return transcripts from the IRS. Although not stated in the motion, I assume Debtor has not filed a federal income tax return for at least ten years and has no tax return or transcript to provide. Debtor seeks a waiver of the requirement to provide copies of his federal tax returns to the trustee. Based on my review of the motion, the documents filed in this case, and applicable law, I hereby DENY the motion as premature.

Facts

Debtor filed his petition for relief under chapter 7 of the Code on January 17, 2013. The original § 341(a) first meeting of creditors is scheduled for February 25, 2013, and, by notice generated on January 17, 2013, the court informed Debtor and his attorney of that meeting. The court's letter to Debtor

---

[1]This Memorandum Opinion is not intended for publication.

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OPINION-1

1    accompanying that notice reinforced that Debtor is required to provide a copy of his most recently filed

2    federal income tax return (or a transcript of such return) to the case trustee seven days before the meeting of

3    creditors. On January 18, 2013, Debtor filed a motion to waive compliance with § 521(e)(2) and does not

4    appear to be able to provide a copy of any federal tax return or transcript. The deadline for complying with §

5    521(e)(2) by providing a tax return or transcript has not yet passed.

6                                                              Discussion

7            Code § 521(e)(2) requires debtors to deliver tax returns as follows:

8            (A) The debtor shall provide–

9                    (I)  not later than 7 days before the date first set for the first meeting of creditors, to
     the trustee a copy of the Federal income tax return required under applicable law (or at the
10   election of the debtor, a transcript of such return) for the most recent tax year ending
     immediately before the commencement of the case and for which a Federal income tax return
11   was filed; and

12                   (ii)  at the same time the debtor complies with clause (I), a copy of such return (or if
     elected under clause (I), such transcript) to any creditor that timely requests such copy.
13
     (B)  If the debtor fails to comply with clause (I) or (ii) of subparagraph (A), the court shall
14   dismiss the case unless the debtor demonstrates that the failure to so comply is due to
     circumstances beyond the control of the debtor.
15

16           Rule 4002(b)(3) states that debtors must provide their tax returns to the trustee "at least 7 days before

17   the first date set for the meeting of creditors . . . ." If debtors are unable to provide the required returns, the

18   Rule allows debtors to "provide a written statement that the documentation does not exist." Rule 4002(b)(3).

19   The Advisory Committee Note to that Rule states that "[a]ny written statement that the debtor provides

20   indicating either that documents do not exist or are not in the debtor's possession must be verified or contain

21   an unsworn declaration as required under Rule 1008." 2008 Advisory Committee Note to Interim

22   Bankruptcy Rule 4002. The requirement to provide tax returns does not appear to be optional in that the

23   Code states "the court <u>shall</u> <u>dismiss</u> the case" unless the debtor proves circumstances excusing compliance.

24   Code § 521(e)(2)(B) (emphasis added). The dismissal, however, is not automatic like in § 521(i)(1) ("the

25   case shall be automatically dismissed effective on the 46th day"), and it requires the filing of a motion to

26   dismiss. <u>See</u> In re Duffus, 339 B.R. 746, 748 (Bankr. D. Or. 2006).

MEMORANDUM OPINION-2

1      Here, Debtor seeks essentially a "comfort" order protecting him in advance of any motion to dismiss

2 based on his failure to provide a tax return or transcript as required by § 521(e)(2)(B). I decline to provide

3 such an unnecessary order. As the Maine bankruptcy court wrote in a similar situation: "Ruling on what are

4 essentially affirmative defenses before motions are filed may comfort potential respondents, but is not a wise

5 devotion of court resources and likely would run afoul a jurisdictional essential:  that a 'case or controversy'

6 exist." In re Ring, 341 BR 387, 391 (Bankr. D. Me. 2006) (announcing that it would no longer entertain such

7 motions).

8      Pursuant to Rule 4002(b)(3), Debtor should provide to the case trustee a written statement, verified or

9 containing an appropriate declaration, that the tax returns or transcripts do not exist or are not available and

10 the reasons for that assertion. Debtor should provide that written statement "not later than 7 days before" the

11 February 25, 2013 first meeting date. Should the trustee, in the trustee's "prosecutorial discretion," decide to

12 seek dismissal of this case based on Debtor's failure to provide tax returns, we can address in a subsequent

13 hearing whether Debtor's failure to comply is due to circumstances beyond his control. See Duffus, 339 B.R.

14 at 748 (trustee has authority to waive requirement by declining to file a motion).

15                                  Conclusion

16      Because the motion is unnecessary as described above, Debtor's motion is denied. This memorandum

17 constitutes my findings of fact and conclusions of law. A separate order denying the motion will be entered.

18

19

20

21                             THOMAS M. RENN
                            Bankruptcy Judge

22

23

24

25

26

MEMORANDUM OPINION-3